(C. D. 1027)

ALBERS BROS. MILLING CO. ET AL. *v.* UNITED STATES

United States Customs Court, First Division

(Decided October 11, 1946)

*Lawrence & Tuttle* (*George R. Tuttle* and *Frank L. Lawrence* of counsel) for the plaintiffs.

*Paul P. Rao*, Assistant Attorney General (*Arthur R. Martoccia*, special attorney), for the defendant.

Before OLIVER, COLE, and MOLLISON, Judges

MOLLISON, Judge: In each of these cases (which were consolidated for trial and disposition), the collector of customs assessed duty upon the imported article at the rate of 10 per centum ad valorem under the provision in paragraph 1540 of the Tariff Act of

1930 (19 U. S. C. 1940 ed. § 1001, par. 1540) for "seaweeds * * * manufactured." The protest claim in each case is for free entry under the provision in paragraph 1705 of the same act (19 U. S. C. 1940 ed. § 1201, par. 1705) for "kelp."

It is obvious that the plaintiffs seek refund under the authority of the decision of the Court of Customs and Patent Appeals in the case of *Centennial Flouring Mills Co. et al.* v. *United States*, 29 C. C. P. A. 264, C. A. D. 200, wherein it was held that—

* * * kelp, whether crude or manufactured, so long as it remained kelp, should be free of duty under paragraph 1705, *supra* * * *

since it appeared to be clear that—

* * * the Congress intended to distinguish for tariff purposes between seaweeds, whether crude or manufactured, on the one hand, and kelp on the other.

The plaintiffs in the case at bar, therefore, had the burden of establishing that the merchandise involved was kelp at the time of importation.

In the presentation of plaintiffs' case the testimony of Jesse G. Ogdon, deputy collector in charge of the liquidating division for the customs district of Washington, was offered. It appeared that the merchandise was imported in that district, and that in each of the cases at bar the examiner of merchandise, whose duty it was to advisorily classify the merchandise for the benefit of the collector of customs, did so by checking with red ink the figures put on the invoice by the entrant indicating classification under paragraph 1540 and duty assessment at 10 per centum ad valorem.

Mr. Ogdon testified, in response to questions by plaintiffs' counsel, that he was familiar with the practice of the collector of customs at the port of Seattle, at the time the entries were liquidated, with respect to liquidations involving merchandise which had been advisorily returned by the examiner as described above. In such cases, the witness said, it was the practice of the collector—

To take such an action by the examiner to be indicative that he found the merchandise to be seaweeds, manufactured, subject to duty at 10 per cent under paragraph 1540.

—and to liquidate the entries assessing duty accordingly. Such action on the collector's part, the witness said, was taken "without inquiring into what kind of seaweed it was."

Counsel for the plaintiffs thereupon offered in evidence the invoices in each case, which were received over the objection of counsel for the defendant. An examination of the invoices reveals that while the descriptions thereon are not uniform they all use the term "kelp" in referring to the merchandise, e. g., "Seaweed (kelp) meal," "kelp meal," etc.

Plaintiffs then called Otho P. Skaer to the stand, who identified himself as a cereal chemist employed since 1929 by the Centennial Flouring Mills Co., one of the plaintiffs herein. We regard Mr. Skaer's testimony as of no value on the issue herein, for on cross-examination he admitted that he did not know whether the merchandise at bar was kelp or other seaweed.

A careful examination of the record as above delineated reveals that the only evidence which can be said to tend to establish the identity of the merchandise at bar as kelp is the designations on the invoices, which, in one form or another, use the term "kelp." It is contended by counsel for the plaintiffs that these designations are sufficient to establish that the merchandise in its imported condition was, in fact, kelp, and we are of opinion that under the circumstances revealed by the record in these cases this contention of counsel is correct.

It is well settled that statements made on invoices have evidentiary value insofar as they are not discredited or impeached. *United States* v. *Bloomingdale Bros. & Co.*, 10 Ct. Cust. Appls. 149, T. D. 38400. Opposed to the invoice designations herein is the collector's classification contradictory thereto. In *United States* v. *Ocean Brokerage Co.*, 11 id. 38, T. D. 38648, it was held that in a case where the invoice statement and the collector's assessment are in contradiction of one another, the former, standing alone, could not overcome the legal presumption attaching to the correctness of the collector's act.

We think the case at bar is distinguishable from the *Ocean Brokerage Co.* case, *supra*, for here we have evidence that the collector's classification was made without inquiry into a matter essential to sustain that classification. It must be remembered that the presumption of correctness of the collector's classification is, after all, a rebuttable presumption of law. It must also be remembered that that presumption in turn rests upon the presumption that the collector found every fact to exist that was necessary to sustain his classification. *United States* v. *Marshall Field & Co.*, 17 C. C. P. A. 1, T. D. 43309. In the case at bar, in order to sustain a classification of the merchandise under the provision in paragraph 1540 as "seaweeds * * * manufactured," a necessary finding would be that the merchandise was, in fact, not kelp. See *Centennial Flouring Mills Co. et al.* v. *United States, supra*, wherein it was held that it was the intent of Congress in the enactment of provisions for "seaweeds * * * manufactured" and for "kelp"—

—to distinguish for tariff purposes between seaweeds, whether crude or manufactured, on the one hand, and kelp on the other.

Since the proof shows that the collector's classification in each case was made "without inquiring into what kind of seaweed it was,"

it follows that a finding essential to a classification under paragraph 1540 entitled to the presumption in its favor was not made, and the paramount presumption of correctness falls.

In the light of the foregoing, the invoice designations are not opposed by a contradictory classification supported by a presumption, but by a classification, indeed, which is impeached, if not discredited, by the evidence given at the trial. Under such circumstances, we think the rule of the *Bloomingdale Bros.* case, *supra*, applies, and the plaintiffs are entitled to a finding here, based upon the evidence of the unimpeached and undiscredited invoice designations, that the merchandise at bar was kelp at the time of importation.

Judgment will therefore issue sustaining the claim made in each of the protests for free entry of the merchandise under paragraph 1705, *supra*.