BEFORE THE FIRST DIVISION, OCTOBER 11, 1946

**No. 51351.**—Protests 772556–G, etc., of Geo. S. Bush & Co., Inc., et al. (Seattle).

MOLLISON, Judge: These suits, which were consolidated for trial and disposition, are for the refund of duties claimed to have been illegally exacted by the collector of customs in assessing duty on imported ground seaweed at the rate of 10 percent ad valorem under the provision in paragraph 1540, Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1001, par. 1540) for "seaweeds * * * manufactured," claiming the same to be entitled to free entry under the provision in paragraph 1705 of the same act (19 U. S. C. 1940 ed. § 1201, par. 1705) for "kelp."

Plaintiffs rely upon the construction of the seaweed provisions of the act made by the Court of Customs and Patent Appeals in the case of *Centennial Flouring Mills Co. et al.* v. *United States*, 29 C. C. P. A. 264, C. A. D. 200, wherein it was pointed out that in making provision for "kelp," a variety of seaweed, and "seaweeds,"—

* * * Congress intended to distinguish for tariff purposes between seaweeds, whether crude or manufactured, on the one hand, and kelp on the other * * *

and held that classification under paragraph 1705 should be given to—

* * * kelp, whether crude or manufactured, so long as it remained kelp * * *

In its effort to establish that the seaweed in question fell within the latter description, plaintiffs called to the stand Jesse G. Ogdon, deputy collector in charge of the liquidating division of the customs district of Washington. Mr. Ogdon, who had been a liquidator in the office of the collector of customs at the time the entries at bar were liquidated, stated that in the liquidation of such entries, "The collector's office didn't go into the question of what type of seaweed it was," i. e., made no finding whether the seaweed in question was or was not the variety of seaweed known as kelp.

In the case of *Albers Bros. Milling Co. et al.* v. *United States* (17 Cust. Ct. 104, C. D. 1027), decided concurrently herewith, a similar situation prevailed, and

we held that the presumption of correctness ordinarily attending the collector's classification of merchandise as "seaweeds" in turn rests upon the presumption that the collector found every fact to exist that was necessary to sustain his classification. A necessary finding in the case at bar would be that the merchandise was, in fact, not kelp.

Since it clearly appears that the collector made no such finding, it follows that the collector's classifications are not entitled to the presumption of correctness.

As evidence of the fact that the merchandise at bar was that variety of seaweed known as kelp, plaintiffs offered in evidence the descriptions of the merchandise found on the invoices involved herein. These descriptions take various forms, such as "kelp meal," "kelp scrap," and "seaweed (kelp) meal," but each identifies the product as consisting of kelp. As pointed out in the *Albers Bros. Milling Co.* case, *supra*, since no presumption of correctness attaches to the collector's classifications in this case, and the invoice descriptions are not otherwise impeached or discredited, they have, under the rule laid down in *United States* v. *Bloomingdale Bros. & Co.*, 10 Ct. Cust. Appls. 149, T. D. 38400, evidentiary value sufficient to warrant a judgment in favor of the plaintiffs' claim.

Judgment will therefore issue sustaining the claim in each of the protests for free entry of the merchandise under paragraph 1705, *supra*.