No. 51352.—Protests 894268–G, etc., of California Milk Producers Assn. et al. (Los Angeles).

MOLLISON, Judge: These cases were consolidated for trial and disposition. The protest in each case is directed against the action of the collector of customs in assessing duty on certain imported merchandise at the rate of 10 percent ad valorem under the provision found in paragraph 1540, Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1001, par. 1540), for "seaweeds * * * manufactured." Each protest claims that the merchandise is entitled to free entry under the provision in paragraph 1705 of the same act (19 U. S. C. 1940 ed. § 1201, par. 1705) for "kelp."

In the case of *Centennial Flouring Mills Co. et al.* v. *United States*, 29 C. C. P. A. 264, C. A. D. 200, it was held that it was the intent of Congress in the enactment of provisions for seaweeds in both the crude and manufactured state, and for "kelp"—

* * * to distinguish for tariff purposes between seaweeds, whether crude or manufactured, on the one hand, and kelp on the other.

Plaintiffs' contention in these cases is that the merchandise in issue is, in fact, that variety of seaweed known as kelp, and is therefore specifically provided for under the free provision cited.

Plaintiffs rely on the invoice description in each case as establishing that fact. These descriptions were admitted in evidence without objection and are as follows: In two cases "seaweed (kelp) meal," in two cases "kelp meal," and in the last two cases "kelp powder."

Plaintiffs called to the stand John C. Townsend, deputy collector in charge of liquidating at the port of Los Angeles. It appeared that the liquidations in the cases at bar were made under Mr. Townsend's supervision—in fact, one was made by him—and that in each case the classification under paragraph 1540 was so made "regardless of whether it may or may not have been that type of seaweed known as 'kelp'."

We find that the situation in the case at bar closely parallels that which obtained in the case of *Albers Bros. Milling Co. et al.* v. *United States* (17 Cust. Ct. 104, C.D. 1027), decided concurrently herewith. In that case we noted that under the distinction pointed out in the *Centennial Flouring Mills Co.* case, *supra*, between

the seaweed provisions and the kelp provision, a finding of fact on the part of the collector essential to a proper classification of seaweeds, whether crude or manufactured, was that the merchandise was not kelp, and we held that failure to make such a finding destroyed the presumption of correctness ordinarily attending the collector's action.

So in the case at bar. The collector's classification was made without a finding as to whether or not the merchandise was kelp and the invoice descriptions being therefore unimpeached and undiscredited, under the authority of *United States* v. *Bloomingdale Bros. & Co.*, 10 Ct. Cust. Appls. 149, T. D. 38400, they are sufficient to establish that the merchandise at bar was kelp at the time of importation.

Judgment will therefore issue sustaining the claim made in each of the protests for free entry of the merchandise under paragraph 1705, *supra*.